# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Quashon Middleton, | ) | Civil Action No.: 8:21-cv-00541-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden of Broad River Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner Quashon Middleton, proceeding pro se,[1] filed the instant action against Respondent Warden of Broad River Correctional Institution seeking a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.)

The matter is before the court for review of the Magistrate Judge's Report and Recommendation issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (ECF No. 10.) Specifically, on February 25, 2021, the Magistrate Judge recommended that the court dismiss this action "without prejudice and without requiring [] Respondent to file an answer or return." (*Id.* at 7.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and dismisses this action.

---

[1] "Because he is a pro se litigant, Petitioner's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solic.'s Off.*, Civil Action No. 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Petitioner; the court is not required to recognize Petitioner's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

## I.     BACKGROUND

The background of this matter is discussed in the Report and Recommendation. (*See* ECF No. 8 at 1–2.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference.

Middleton is an inmate presently incarcerated at the Broad River Correctional Institution in Columbia, South Carolina, serving a thirty-year sentence without the possibility of parole. *SCDC Inmate Search*, https://public.doc.state.sc.us/scdc-public/ (last visited Apr. 19, 2021). Middleton alleges that on October 12, 2011, he was found guilty by a state court jury of attempted murder and possession of a weapon during a violent crime and sentenced by the trial judge to thirty (30) years imprisonment. (ECF No. 1 at 1–2.) After challenging his conviction at the state level (*see id.* at 2–4), Middleton filed a Habeas Petition in this court on February 22, 2021, asserting that he was entitled to relief for the following reasons:

> Subject Matter Jurisdiction: Grand Jury indicted applicant under the wrong statute.
>
> Ineffective Assistance of Trial Counsel: Trial counsel failed to object and quash indictment; trial counsel was ineffective for failing to object to use or not addressing juvenile charges; counsel was ineffective for not objecting to statement obtained from one in juvenile custody without parent/counsel; and failure to challenge for cause prosecution's use of peremptory strikes.
>
> Ineffective Assistance of Appellate Counsel: Appellate counsel failed to (deem) indictment invalid.
>
> Trial Judge Abuse of Discretion: Trial judge failed to direct a verdict of intent to kill; and trial judge failed to instruct jury of lessor offense.

(ECF No. 1 at 5–10.) On February 25, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the court dismiss the action as time-barred by the one-year period of limitation found in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). (ECF No. 8 at 4–5, 7.) The Magistrate Judge further advised the parties that "[s]pecific written objections must be filed within fourteen (14) days of the date of service of

this Report and Recommendation" and a "[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation." (*Id.* at 8 (citations omitted).) On March 26, 2021, Middleton submitted Objections to the Report and Recommendation. (ECF No. 12.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## III.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## IV.     ANALYSIS

A.     <u>The Magistrate Judge's Review</u>

In the Report, the Magistrate Judge observed that Middleton's "habeas action is subject to

3

dismissal because it is time-barred by the applicable statute of limitations." (ECF No. 8 at 4.) Specifically, the Magistrate Judge observed that Middleton's conviction became final on October 6, 2014, and his statutory limitations period expired on December 1, 2020. (*See id.* at 5–7.) Because Middleton did not file the instant Habeas Petition until February 22, 2021, the Magistrate Judge determined that the "Petition is time-barred and should be dismissed." (ECF No. 8 at 7.)

B.No Objections by Middleton

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service or by March 11, 2021. (ECF No. 8 at 8 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, neither of the parties filed any objections before the deadline.[2]

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life &*

---

[2] In an attempt to establish timeliness, Middleton alleges in his Objections that he had "limited access to the mailroom due to the COVID-19 pandemic," he "is entitled to equitable tolling," and he placed his Objections in the mail on March 9, 2021, which was before the expiration of the deadline to file objections to the Report and Recommendation. (ECF No. 12 at 1–2, 4.) Upon consideration of the foregoing, the court observes that Middleton's Objections were untimely because pursuant to the prison mailbox rule, the Objections were not considered filed until March 24, 2021, the date they were received by the mailroom (*see* ECF No. 12-1 at 1) at the Broad River Correctional Institution. *E.g.*, *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988))). However, even if the Objections were timely submitted, Middleton did not provide specific objections to the Magistrate Judge's Report, including the observation that Middleton filed his Habeas Petition after the statute of limitations for his claims expired under AEDPA. As a result, the court would have applied the same "no clear error" standard and reached the same conclusion that it should dismiss the Petition.

*Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8), and **DISMISSES** the Petition in this action without prejudice.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 20, 2021
Columbia, South Carolina

5